Frank L. Gates, J.
Defendant was indicted de novo for grand larceny, in the second degree.
Defendant now moves to dismiss the indictment for lack of jurisdiction and for insufficiency of Grand Jury evidence (CPL 210.20, subds. [b], [h]).
He further moves for a bill of particulars, to suppress statements made by him, if any, as well as any evidence obtained thereby and for disclosure of names and statements of witnesses and testimony of Grand Jury witnesses.
The indictment accuses defendant of having stolen U. S. Currency in an amount exceeding $1,500 from Rose Marie Zilko in Suffolk County.
The motion papers contain an affidavit by defendant’s attorney alleging that defendant, an attorney, resides in Westchester, and has an office in New York City. Said affidavit further states *413 that although defendant has represented Rose Marie Zilko a resident of Queens County for years, he has never represented her in a transaction occurring in Suffolk County.
Said affidavit is supplemented by an affidavit sworn to by defendant verifying the foregoing allegations.
The evidence presented to the Grand Jury herein indicates that defendant represented Rose Marie Zilko in connection with the sale of real property located in Suffolk County to a Suffolk County developer. The closing of title was held in New York City and a check for the balance of the purchase price was given to defendant at the closing without the knowledge of Mrs. Zilko. The check was payable to defendant as attorney and was deposited in defendant’s escrow account in a New York City bank. Further testimony was adduced as to withdrawals from said account and the failure of defendant to pay over any portion of the proceeds of the sale to Mrs. Zilko.
The District Attorney contends that this court has jurisdiction for the reason that the alleged larceny arose out of the sale of Suffolk County real estate.
The following language of GPL 20.40 is pertinent: “ A person may be convicted in an appropriate criminal court of a particular county, * * * when: 1. Conduct occurred within such county sufficient to establish: (a) An element of such offense ”.
The word “element” is defined in Ballentine’s Law Dictionary (3d ed., p. 395) as: “A component or essential part, such as proximate cause in liability for negligence.”
The offense of ‘1 Larceny ’ ’ is defined by section 155.05 of the Penal Law as follows: “ 1. A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof.” In the instant case the proceeds of the sale came into defendant’s hands, according to the testimony before the Grand Jury, outside of Suffolk County.
None of the other situations mentioned in GPL 20.40 are applicable herein.
I therefore find that the evidence before the Grand Jury failed to meet the requirements of GPL 20.40 (subd. 1, par. [a]).
The motion to dismiss the indictment is, therefore, granted.
In view of the disposition of this branch of the motion a determination of the remaining branches of this motion is unnecessary.